**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **H.G., J.M., T.M., T.K., A.K., B.K., and A.S.**

**No.) 17-1131** (Kanawha County 17-JA-132, 207, 208, 209, 210, 211, and 212)

## MEMORANDUM DECISION

Petitioner Mother L.W., by counsel Benjamin Freeman, appeals the Circuit Court of Kanawha County's November 21, 2017, order dismissing her abuse and neglect case.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew A. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not providing her the right to visit with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, the DHHR filed a petition following a family court referral. The DHHR alleged petitioner engaged in domestic violence in front of the children, had an extensive criminal history and history of DHHR intervention. According to the DHHR, petitioner only cared for one of her children, P.W., at the time the petition was filed. J.M. and T.M. were in the legal guardianship of an unrelated acquaintance who had provided care for the children since February of 2015; H.G. was in the care of another unrelated acquaintance who had cared for him since he was four days old; T.K., A.K., and B.K were all in the care of their respective biological

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

fathers and living in South Carolina; A.S. was in the sole custody of his biological father and living in North Carolina. The DHHR also alleged that the father of H.G. had abandoned him.[2]

In June of 2017, the circuit court granted petitioner's motion for a pre-adjudicatory improvement period and continued the children in their respective placements. In July of 2017, the circuit court held an adjudicatory hearing and accelerated dispositional hearing for the father of H.G. Petitioner did not attend this hearing, but was represented by counsel. The circuit court dismissed J.M., T.M., H.G., T.K., A.K., and B.K. and their respective guardians from the proceedings and ordered that visitation be conducted at the discretion of the children's guardians. With respect to these placements, the circuit court reasoned the children were previously in the care of their guardians and found that their best interests were served by the continuation in those placements. The circuit court further ordered all future disputes to be litigated in the appropriate jurisdictions.

The circuit court held a final review hearing for petitioner's pre-adjudicatory improvement period and found that she successfully completed that improvement period. The circuit court continued petitioner's visitations with the children at their guardians' discretion. Finally, the circuit court ordered in its November 21, 2017, order that P.W. be returned to petitioner's custody. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

[2]The DHHR also alleged that the father of J.M. and T.M. abandoned them. However, after the adjudicatory hearing, the circuit court ultimately dismissed the allegations of abuse and neglect against the father of J.M. and T.M.

[3]According to the parties, petitioner retains her parental rights to each child, but exercises custody of P.W. only. H.G. is in the permanent guardianship of P.Y. and his father's parental rights were terminated as a result of these proceedings. J.M. and T.M. are in the permanent guardianship of L.J. and their father retained his parental rights. T.K., A.K., B.K., and A.S. are in the sole custody of their respective non-abusing fathers.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred by not granting her scheduled visitation with her children. Petitioner argues that the circuit court's order that gives the childrens' custodians discretion to exercise visitation is the equivalent to denial of any visitation. Further, petitioner argues that her successful completion of a pre-adjudicatory improvement period is evidence that she could adequately care for all the children. In support of her argument, petitioner relies on Rules 15, 39, and 41 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Upon our review of the applicable law and the record, we disagree with petitioner.

First, petitioner argues that the circuit court failed to conduct the inquiries contemplated by Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Rule 15 provides, in part,

> [i]f at any time the court orders a child removed from the custody of his or her parent(s) and placed in the custody of the Department or of some other reasonable person, the court may make such provision for reasonable visitation . . . as is consistent with the child's well-being and best interests. . . . The person requesting visitation shall set forth his or her relationship to the child and the degree of personal contact previously existing with the child.

Following the request for visitation, Rule 15 provides that the circuit court shall determine the appropriateness of granting visitation and the overall effect on the child's best interest. In her reliance on this rule, petitioner fails to cite to a place in the record where she actually requested visitation with any of the children. Further, petitioner presented no evidence regarding her relationship to the children and her degree of recent personal contact. We find this especially important in this case because seven of the eight children at issue in the proceedings were in the care and custody of individuals other than petitioner when the proceedings began. Petitioner did not properly request visitation or assert any evidence to suggest scheduled visitation may be in the children's best interests. Accordingly, we find no merit to petitioner's argument.

Second, petitioner asserts that the circuit court erred in failing to conduct permanency hearings in accordance with West Virginia Code § 49-4-608 and Rules 39 and 41 of the Rules of Procedure for Child Abuse and Neglect Proceedings. However, West Virginia Code § 49-4-608(6) provides that permanent placement review hearings must be held if the DHHR has not placed the child (1) in an adoptive home, (2) with a natural parent, (3) in legal guardianship or (4) with a fit and willing relative. Here the circuit court was not required to hold permanency hearings because each child was placed in one of these placements. Thus, permanent placement for all children was achieved.

Additionally, Rule 6 of the Rules of Procedure for Child Abuse and Neglect Proceedings requires that "[e]ach child abuse and neglect proceeding shall be maintained on the circuit court's docket until permanent placement of the child has been achieved." Rule 3 of those same

rules defines "permanent placement" in various ways, including "[a] permanent out-of-home placement of the child" which can be achieved when the child is "adopted, *placed in a legal guardianship*, placed in another planned permanent living arrangement (APPLA), or emancipated[.]" (emphasis added). Finally, Rule 39 requires permanency placement reviews occur "[a]t least once every three months until permanent placement is achieved as defined in Rule 6[.]" In petitioner's case, the children were all placed in permanent out-of-home placement that satisfied the above rules. Although petitioner argues that the circuit court should have held further permanency hearings, the circuit court was under no obligation to do so after finding permanent placements for the children. Accordingly, we find no merit to petitioner's argument.

Finally, the circuit court had jurisdiction to continue the children in their placements despite the fact that it declined to adjudicate petitioner. Rule 6 of the Rules of Procedure for Child Abuse and Neglect Proceedings provides, in relevant part:

> Each child abuse and neglect proceeding shall be maintained on the circuit court's docket until permanent placement of the child has been achieved. The court retains exclusive jurisdiction over placement of the child while the case is pending, *as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation*, except that (1) if the petition is dismissed for failure to state a claim under Chapter 49 of the W.Va. Code, or (2) if the petition is dismissed, and the child is thereby ordered placed in the legal and physical custody of both of his/her cohabitating parents. . . .

(emphasis added). In this case, the abuse and neglect petition was not dismissed for failure to state a claim. Further, after the petition was dismissed, the children were not placed in the home with cohabitating parents. Therefore, the circuit court properly exercised jurisdiction over the permanent placement of the children while the case was pending and retains jurisdiction for future placements. Ultimately, "'[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re S.W.*, 233 W.Va. 91, 755 S.E.2d 8 (2014). The circuit court was required to find a permanent placement for the children and it found that their previous placement was in their best interests. Although petitioner argues that she completed her improvement period, she offers no evidence that the children's best interests would be better served in her custody. Accordingly, we find that the circuit court did not err or abuse its discretion in its respective permanent placements for the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 21, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.